MANATT, PHELPS & PHILLIPS, LLP
CHAD S. HUMMEL (State Bar No. CA 139055)
E-mail: chummel@manatt.com
LYDIA M. MENDOZA (State Bar No. 247916)
E-mail: lmendoza@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Attorneys for Defendant
SIRIUS XM RADIO INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK KNUTSON, Individually and on Behalf of All Others Similarly Situated individually and on behalf of others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>SIRIUS XM RADIO INC., a corporation,<br><br>Defendant. | Civil Action No. 12cv-418-AJB-NLS<br><br>(PUTATIVE CLASS ACTION COMPLAINT)<br><br>SIRIUS XM'S OPPOSITION TO PLAINTIFF'S MOTION TO APPOINT INTERIM CO-LEAD COUNSEL<br><br>Hearing Date: April 2, 2015<br>Time: 2:00 p.m.<br>Place: Courtroom 3B<br><br>Hon. Anthony J. Battaglia |

SIRIUS XM'S OPPOSITION TO MOTION TO APPOINT INTERIM CO-LEAD COUNSEL
12-cv-00418-AJB-NLS

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Sirius XM Radio Inc. ("Sirius XM") hereby opposes Plaintiff's Motion to Appoint Interim Co-Lead Counsel (the "Motion"), which, by its terms, seeks to have this Court designate Abbas Kazerounian and Joshua Swigart as interim co-lead counsel in three separate TCPA lawsuits filed against Sirius XM: (1) *Knutson* (this action), (2) *Trenz v. Sirius XM Holdings, Inc. and Toyota Motor Sales, U.S.A., Inc.*, No. 15-cv-0044L-BLM (S.D. Cal) (filed in this Court but in which Sirius XM has not yet been served), and (3) *Hooker v. Sirius XM Radio, Inc.*, No. 4:13-cv-3 (E.D. Va.) (which has been pending in federal court in Virginia for over two years, which has different class allegations, and where discovery is already well underway).

At the hearing in this Court on February 12, 2015, at which the Ninth Circuit Mandate was filed and spread, plaintiff's counsel, Mr. Swigart, indicated that Plaintiff does *not* seek to have Messrs. Kazerounian and Swigart appointed in the Virginia case (*Hooker*). To the extent the pending noticed Motion sought that relief, it is Sirius XM's understanding and belief that the request for that order is ***withdrawn***. However, to the extent, it is not withdrawn, for the reasons raised preliminarily by the Court and discussed with counsel on the record on February 12th, Sirius XM opposes that request for the reasons set forth herein.

## II. PLAINTIFF'S MOTION SHOULD BE DENIED AS PREMATURE

Federal Rule of Civil Procedure 23(g)(3) provides that a court, in its discretion, "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed.R.Civ.P. 23(g)(3); WRIGHT & MILLER, 6A Fed. Proc., L.Ed. § 12:293. The rule applies where it is "necessary to protect the interests of the putative class." Fed. R. Civ. P. 23(g)(2)(A) advisory committee note (2003 amendment).[1] The movant bears the

---

[1] The Rule was renumbered to Rule 23(g)(3) in 2007.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

1
SIRIUS XM'S OPPOSITION TO MOTION TO APPOINT INTERIM CO-LEAD COUNSEL
12-cv-00418-AJB-NLS

burden of showing ***the necessity*** of appointing interim counsel. *See, e.g., Sullivan v. Barclays PLC*, No. 13 CIV. 2811, 2013 WL 2933480, at *1 (S.D.N.Y. June 11, 2013) ("The movants have not come forward with any showing as to why their appointment as interim class counsel would be beneficial or necessary."); *Carrier v. Am. Bankers Life Assur. Co.*, No. 05-cv-430, 2006 WL 2990465, at *1 (D.N.H. Oct. 19, 2006) (denying motion for appointment of interim class counsel where movant failed to provide "any concrete examples of circumstances in this case under which a designated interim counsel would be advantageous for the putative class").

Here, as perhaps Plaintiff has now recognized, he has failed to provide any reason as to why appointment of his counsel is necessary at this time to protect the interests of his own putative class, let alone the interests of named plaintiffs in the two other cases who have retained their own counsel or the interests of the putative classes in those cases.

### A. Plaintiff Has Not Demonstrated The Existence Of Cases Likely To Be Consolidated With The Instant Action.

Designation of interim class counsel can be appropriate in cases "where **multiple** overlapping and duplicative class actions **have been transferred to a single district** for the coordination of pretrial proceedings." Motion at 5:6-10 (*citing In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (emphasis added). The "cases in which interim counsel is appointed are typically those in which a large number of putative class actions have been consolidated or are otherwise pending before a single court." *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006). In such circumstances, appointment of interim counsel "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Lyons v. CoxCom, Inc.*, 2009 WL 6607949, *1 (S.D. Cal. July 6, 2009), quoting Manual For Complex Litigation (Fourth) § 21.11 (2004).

This is not such a situation. The cases at issue involve different plaintiffs, different facts, and even different claims. The putative class definitions are different. Plaintiff Knutson seeks to certify a class of persons who received <u>marketing</u> calls to their phone lines from Sirius XM, using an <u>artificial or prerecorded voice message</u>, within four years prior to the filing of the complaint on February 15, 2012. Complaint ¶ 21. On the other hand, the *Hooker* action seeks to certify four different classes: two "autodialed classes" which focus on calls made only to wireless numbers, but for any purpose, using an <u>automatic telephone dialing system</u>, within four years prior to the filing of the complaint on January 4, 2013; and two "telemarketed" classes which focuses on person who received solicitations between the hours of 9:00 p.m. and 8:00 a.m. *See* Kazerounian Decl., Ex. A. The *Trenz* action seeks to certify two classes: 1) a class of persons who received marketing calls from Sirius XM to their wireless line, using an <u>artificial or prerecorded voice message or automatic telephone dialing system</u>, within four years prior to the filing of the complaint on January 8, 2015; and 2) persons who purchased a new or used vehicle from Toyota, that came with a free subscription to Sirius XM, and who received marketing calls to their wireless line, using an artificial or prerecorded voice message or automatic telephone dialing system. *See* Kazerounian Decl., Ex. C.

These differences are relevant to each plaintiff's claim, since the TCPA imposes different restrictions on calls depending on whether they are made to a wireless or residential number and whether they are made using an artificial or prerecorded voice message or automatic telephone dialing system, among other differences. 47 U.S.C. § 227(b)(1)(A)-(B), 47 C.F.R. § 64.1200 *et seq.* For all of these reasons, the present Motion, as styled, should be denied. *See Lyons*, 2009 WL 6607949, at *2 (denying motion for appointment of interim co-lead counsel as "premature" where "there are no known overlapping, duplicative or competing suits present."); *Sajfr v. BBG Communications, Inc.*, No. 10-CV-2341-H(NLS), 2011

WL 765884 (S.D. Cal. Feb. 25, 2011) (denying motion for appointment of interim class counsel as "premature," noting that "a number overlapping, duplicative or competing suits are not present" as only one other case had been filed against the defendant in the same court.)

Finally, as this Court noted at the hearing on February 12, the cases are not consolidated. For this reason, appointment of interim co-lead counsel is therefore unnecessary. *See*, *e.g.*, *Gedalia v. Whole Foods Mkt. Servs., Inc.*, No. 4:13-CV-03517, 2014 WL 4851977, at *3 (S.D. Tex. Sept. 29, 2014) (denying motion for appointment of interim class counsel where no motion for consolidation of cases was pending, further noting that "premature granting of interim counsel designation may prejudice the class"); *Parrish v. Nat'l Football League Players, Inc.*, No. 07-00943, 2007 WL 1624601, at *9 (N.D. Cal. June 4, 2007) (denying motion for appointment of interim class counsel where "[n]o consolidation with other actions is on the horizon"); *Donaldson v. Pharmacia Pension Plan*, No. CIV. 06-3-GPM, 2006 WL 1308582, at *1 (S.D. Ill. May 10, 2006) ("[T]he kind of matter in which interim counsel is appointed is one where a large number of putative class actions have been consolidated or otherwise are pending in a single court.").

### B. <u>Plaintiff Has Not Demonstrated The Existence Of Other Counsel Competing For Appointment As Counsel Of His Putative Class.</u>

Plaintiff has not presented any evidence that counsel from *Hooker*, *Trenz*, or any other action, are currently "competing" for appointment as counsel of his putative class. As noted in the Manual for Complex Litigation (Fourth) § 21.11, "[i]f the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel" is unnecessary. Addressing a similar situation, the court in *Gedalia v. Whole Foods Mkt. Servs., Inc.*, held that two pending suits against the defendants in another district court "do not create the sort of 'rivalry or uncertainty' that has been found to justify interim counsel....[i]n general, courts have designated interim counsel only when multiple

suits have been filed and multiple plaintiffs' attorneys are competing for designation." 2014 WL 4851977, at *2. *See also Lyons v. CoxCom, Inc.*, 2009 WL 6607949, at *2 (denying motion for appointment of interim class counsel where "no lawyers [were] competing for class counsel appointment"); *Sullivan v. Barclays PLC*, No. 13 CIV. 2811, 2013 WL 2933480, at *1 (S.D.N.Y. June 11, 2013) (denying unopposed motion for appointment of interim class counsel where there was only a single class action pending in the district and there was no competition for appointment as class counsel); Newberg on Class Actions § 3:85 (5th ed.) (noting that courts deny motions for appointment of interim counsel "when only one set of lawyers represent[] the putative class").

Here, Plaintiff has not indicated that Messrs. Kazerounian or Swigart have ever spoken with counsel for Plaintiffs in the *Hooker* or *Trenz* actions—much less presented any evidence that those attorneys will compete for appointment as counsel of Knutson's putative class. Accordingly, appointment of interim class counsel is unnecessary at this time.

### III. <u>CONCLUSION</u>

As set forth above, Plaintiff has not proffered any reason why appointment of interim co-lead counsel is necessary to protect the interests of his putative class at this time. Accordingly, Sirius XM respectfully asks this Court to deny Plaintiff's Motion to Appoint Interim Co-Lead Counsel.

Dated: February 18, 2015         MANATT, PHELPS & PHILLIPS, LLP
                                 Chad Hummel
                                 Lydia M. Mendoza

                                 By:  /s/ Chad Hummel
                                      Chad Hummel
                                      *Attorneys for Defendant*
                                      SIRIUS XM RADIO INC.

314044226.1