MANATT, PHELPS & PHILLIPS, LLP
CHAD S. HUMMEL (State Bar No. CA 139055)
E-mail: chummel@manatt.com
LYDIA M. MENDOZA (State Bar No. 247916)
E-mail: lmendoza@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Attorneys for Defendant
SIRIUS XM RADIO INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK KNUTSON, Individually and on Behalf of All Others Similarly Situated individually and on behalf of others similarly situated<br><br>    Plaintiffs,<br><br>vs.<br><br>SIRIUS XM RADIO INC., a corporation,<br><br>    Defendant. | Civil Action No. 12cv-418-AJB-NLS<br><br>(PUTATIVE CLASS ACTION COMPLAINT)<br><br>SIRIUS XM'S ANSWER TO PLAINTIFF'S COMPLAINT |

Defendant Sirius XM Radio Inc. ("Sirius XM") hereby answers Plaintiff Erick Knutson's Class Action Complaint and asserts additional defenses thereto.

## FIRST DEFENSE -- ANSWER

### INTRODUCTION

1. Paragraph 1 contains legal conclusions to which no response is required. To the extent any statements in this Paragraph are considered factual allegations, Sirius XM denies any such allegations.

### JURISDICTION AND VENUE

2. Paragraph 2 contains allegations about this Court's jurisdiction. While Plaintiff's claims do not have merit, Sirius XM will not contest that diversity jurisdiction exists over the claims asserted by Plaintiff, but otherwise denies.

3. Sirius XM lacks sufficient information to admit or deny the allegations contained in Paragraph 3.

### PARTIES

4. Sirius XM lacks sufficient information to admit or deny the allegations contained in Paragraph 4.

5. Sirius XM admits that it is a corporation that conducts business in California, including San Diego County, and has its principal place of business in New York. Sirius XM denies all remaining allegations contained in Paragraph 5.

### FACTUAL ALLEGATIONS

6. Sirius XM lacks sufficient information to admit or deny the allegations contained in Paragraph 6.

7. Sirius XM admits the allegations contained in Paragraph 7.

8. Sirius XM admits the allegations contained in Paragraph 8.

9. Sirius XM lacks sufficient information to admit or deny the allegations contained in Paragraph 9, and on that basis denies the allegations, except admits that Sirius XM provides a trial subscription to purchasers of new automobiles consistent with the terms in the Subscriber Agreement that governs the parties'

relationship during the trial period.

10. Sirius XM lacks sufficient information to admit or deny the allegations contained in Paragraph 10, and on that basis denies the allegations.

11. Sirius XM denies the allegations contained in Paragraph 11.

12. Sirius XM admits the allegations contained in Paragraph 12.

13. Sirius XM denies the allegations contained in Paragraph 13.

14. Sirius XM denies the allegations contained in Paragraph 14.

15. Sirius XM denies the allegations contained in Paragraph 15.

16. Sirius XM denies the allegations contained in Paragraph 16.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent any statements in this Paragraph are considered factual allegations, Sirius XM denies any such allegations, except avers that the vendor retained by Sirius XM who contacted Plaintiff has procedures in place to ensure that wireless numbers are not called with an ATDS.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent any statements in this Paragraph are considered factual allegations, Sirius XM denies any such allegations.

19. Sirius XM denies the allegations contained in Paragraph 19.

## **CLASS ACTION ALLEGATIONS**

20. While Sirius XM does not dispute that Plaintiff has asserted claims on behalf of a putative class, it denies that Plaintiff's claims are proper for class treatment.

21. Paragraph 21 contains s characterization of the proposed class, to which no response is required. However, Sirius XM reiterates that Plaintiff's claims are not proper for class treatment.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent any statements in this Paragraph are considered factual allegations, Sirius XM denies any such allegations.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent any statements in this Paragraph are considered factual allegations, Sirius XM denies any such allegations.

24. Sirius XM lacks sufficient information to admit or deny the allegations contained in Paragraph 24, and on that basis denies the allegations.

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent any statements in this Paragraph are considered factual allegations, Sirius XM denies any such allegations.

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent any statements in this Paragraph are considered factual allegations, Sirius XM denies any such allegations.

27. Paragraph 27 contains legal conclusions to which no response is required. To the extent any statements in this Paragraph are considered factual allegations, Sirius XM denies any such allegations.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent any statements in this Paragraph are considered factual allegations, Sirius XM denies any such allegations.

29. Sirius XM lacks sufficient information to admit or deny the allegations contained in Paragraph 29, and on that basis denies the allegations.

30. Paragraph 30 contains legal conclusions to which no response is required. To the extent any statements in this Paragraph are considered factual allegations, Sirius XM denies any such allegations.

31. Paragraph 31 contains legal conclusions to which no response is required. To the extent any statements in this Paragraph are considered factual allegations, Sirius XM denies any such allegations.

**FIRST CAUSE OF ACTION: NEGLIGENT VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 USC § 227 ET SEQ.**

32. Sirius XM incorporates its responses to all previous paragraphs, as if

3
SIRIUS XM'S ANSWER TO PLAINTIFF'S COMPLAINT
12-cv-00418-AJB-NLS

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

fully stated in response to this paragraph.

33. Paragraph 33 contains legal conclusions to which no response is required. To the extent any statements in this Paragraph are considered factual allegations, Sirius XM denies any such allegations.

34. Paragraph 34 contains legal conclusions to which no response is required. To the extent any statements in this Paragraph are considered factual allegations, Sirius XM denies any such allegations.

35. Paragraph 35 contains legal conclusions to which no response is required. To the extent any statements in this Paragraph are considered factual allegations, Sirius XM denies any such allegations.

## SECOND CAUSE OF ACTION: KNOWING AND/OR WILLFUL VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 USC § 227 ET SEQ.

36. Sirius XM incorporates its responses to all previous paragraphs, as if fully stated in response to this paragraph.

37. Paragraph 37 contains legal conclusions to which no response is required. To the extent any statements in this Paragraph are considered factual allegations, Sirius XM denies any such allegations.

38. Paragraph 38 contains legal conclusions to which no response is required. To the extent any statements in this Paragraph are considered factual allegations, Sirius XM denies any such allegations.

39. Paragraph 39 contains legal conclusions to which no response is required. To the extent any statements in this Paragraph are considered factual allegations, Sirius XM denies any such allegations.

## ADDITIONAL DEFENSES

Sirius XM sets forth below its additional defenses. Each additional defense is asserted as to all claims against Sirius XM. By setting forth these additional defenses, Sirius XM does not assume the burden of proving any fact, issue, or

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

element of a claim for relief where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended to be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's allegations. Nor shall anything stated or unstated constitute an admission of any kind. Sirius XM reserves the right to assert additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## SECOND DEFENSE
### (Failure To State A Claim)

The Complaint fails to state sufficient facts to constitute a cause of action against Sirius XM.

## THIRD DEFENSE
### (Compliance With Applicable Law)

Plaintiff's and/or putative class members' claims are barred because Sirius XM's conduct is not unlawful in that Sirius XM complied with applicable statutes and regulations.

## FOURTH DEFENSE
### (Consent)

Plaintiff's and/or putative class members' claims are barred because they consented to any calls that they allegedly received or otherwise had an established business relationship with Sirius XM and/or others.

## FIFTH DEFENSE
### (Injury Caused By Third Parties)

Plaintiff's and/or putative class members' claims against Sirius XM are barred because any harm allegedly suffered by Plaintiff and/or putative class members was caused and/or contributed to by third parties over whom Sirius XM has no control with respect to the time, means, method, or manner by which they conduct business affairs.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

## SIXTH DEFENSE

## (Not Willful and/or Knowing)

Plaintiff's and/or putative class members' claims are barred because Sirius XM did not engage in willful and/or knowing misconduct.

## SEVENTH DEFENSE

## (Lack of Standing)

Plaintiff and/or putative class members lack standing to assert the claims alleged in the Complaint.

## EIGHTH DEFENSE

## (Good Faith Belief and Conduct)

The acts and statements of Sirius XM were fair and reasonable and were performed in good faith based on all the relevant facts known to Sirius XM. Sirius XM acted with a good faith belief that it had good cause and/or a legitimate business reason to act as it did and did not directly or indirectly perform any acts that would constitute a violation of Plaintiff's and/or putative class members' rights. As a consequence, Plaintiff and/or putative class members are not entitled to any damages whatsoever.

## NINTH DEFENSE

## (Statute of Limitations)

Plaintiff's and/or putative class members' claims are barred in part or in whole by the statute of limitations applicable to his action.

## TENTH DEFENSE

## (Mootness)

Plaintiff's and/or putative class members' claims are moot.

## ELEVENTH DEFENSE

## (Estoppel)

Plaintiff's and/or putative class members' claims are barred in part or in whole by the doctrine of estoppel.

## TWELFTH DEFENSE

### (Waiver)

Plaintiff's and/or putative class members' claims are barred in part or in whole by the doctrine of waiver.

## THIRTEENTH DEFENSE

### (Unclean Hands)

Plaintiff's and/or putative class members' claims are barred in part or in whole by the doctrine of unclean hands.

## FOURTEENTH DEFENSE

### (Failure to Mitigate)

Plaintiff and/or putative class members failed to mitigate the alleged damages (if any) and any recovery by Plaintiff and/or putative class members must be diminished or barred by reason thereof.

## FIFTEENTH DEFENSE

### (Class Certification Improper)

Class certification of this suit is improper, and thus class certification should be denied.

## SIXTEENTH DEFENSE

### (Arbitration Requirement)

Class certification of this suit is improper as to putative class members who are contractually obligated, pursuant to the terms of Sirius XM's Customer Agreement, to individually arbitrate any claims against Sirius XM.

## SEVENTEENTH DEFENSE

### (Free Speech)

Finding Sirius XM liable for calling recipients who wished to receive the calls, or did not object to receiving the calls, would violate the First Amendment of the United States Constitution and similar provisions of various state statutes.

## EIGHTEENTH DEFENSE
## (Due Process)

Awarding statutory damages to a class under the TCPA would violate the Fifth and Eighth Amendments of the United States Constitution and similar provisions of various state statutes.

## NINETEENTH DEFENSE
## (Unique Defenses)

Sirius XM has unique defenses applicable to different putative members of Plaintiff's proposed classes. Sirius XM reserves the right to assert such additional defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

## TWENTIETH DEFENSE
## (Reservation of Other Defenses)

Sirius XM lacks sufficient information of all the facts and evidence surrounding the subject incident and is therefore unable to ascertain at this time any additional defenses which Sirius XM may have. Therefore, Sirius XM expressly reserves the right to amend this Answer to assert such other defenses as may become apparent subsequent to the filing of this Answer, whether in discovery, at trial, or otherwise.

## **SIRIUS XM'S PRAYER FOR RELIEF**

WHEREFORE, Sirius XM respectfully requests that this Court:

1. Dismiss Plaintiff's Complaint with prejudice as to Sirius XM;

2. Order that Plaintiff take nothing by reason of the Complaint, that Plaintiff is entitled to no relief, and that judgment be rendered in favor of Sirius XM;

3. Deny class certification;

4. Award Sirius XM its costs and expenses incurred in connection with this action; and

5. Grant Sirius XM such other relief as the Court deems proper.

Dated: March 5, 2015  MANATT, PHELPS & PHILLIPS, LLP
Chad Hummel
Lydia M. Mendoza


By: /s/ Lydia Mendoza
Lydia Mendoza
*Attorneys for Defendant*
SIRIUS XM RADIO INC.

314152019.2

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

9
SIRIUS XM'S ANSWER TO PLAINTIFF'S COMPLAINT
12-cv-00418-AJB-NLS