**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian. Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ERIK KNUTSON, Individually and on Behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**SIRIUS XM RADIO INC.,**<br><br>Defendant. | Case No.: 3:12-cv-00418-AJB-DHB<br><br>**MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES IN DEFENDANT'S ANSWER TO COMPLAINT**<br><br>**Date**: May 28, 2015<br>**Time**: 2:00 p.m.<br>**Ctrm**: 3B<br>**Judge**: Hon. Anthony J. Battaglia |

## I.   INTRODUCTION

Plaintiff Erik Knutson ("Plaintiff") brings this motion to strike certain affirmative defenses raised by defendant Sirius XM Radio Inc. ("Defendant") in its Answer to the Complaint (Dkt. No. 30) filed on March 5, 2015, pursuant to Fed. R. Civ. P. 12(f).  Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. Civ. P. Rule 12(f).  Plaintiff move to strike Defendant's Third, Fourth, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, and Fifteenth Affirmative Defenses.  Plaintiff seeks to remove affirmative defenses that add "unnecessary clutter" to this case. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

## II.   STATEMENT OF FACTS

Defendant contacted Plaintiff on Plaintiff's cellular telephone via an "automatic telephone dialing system," ("ATDS") using an "artificial or prerecorded voice"  for marketing purposes on his cellular telephone on or about January 27, 2012 (First Amended Complaint ("FAC," at ¶ 14)), using an automatic telephone dialing system (*id*. at ¶ 14) without Plaintiff's prior express consent (*id*. at ¶ 10 ). Defendant again contacted Plaintiff on Plaintiff's cellular telephone via an ATDS on or about January 30, 2012. *Id*. at ¶ 15. To date, Plaintiff has received a total of three phone calls where it takes at least a minute for an agent of Sirius to pick up the other end of the line because Sirius is using an automatic telephone dialing system (ATDS). *Id*. at ¶ 19.

Defendant sent this text message approximately two months after Plaintiff purchased a Toyota Tacoma truck which, for marketing purposes, includes a "free" three month trial subscription to Sirius XM Radio. *Id*. at ¶ 9.

At no time did Plaintiff provide his cellular phone number to Defendant through any medium. *Id*. at ¶ 10.

The telephone number Sirius called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to  47 U.S.C. § 227(b)(1).

## III. SEVERAL OF DEFENDANT'S AFFIRMATIVE DEFENSES ARE INSUFFICIENT, IMMATERIAL, OR IMPERTINENT, AND SHOULD BE STRICKEN

Defendant's Third, Fourth, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, and Fifteenth Affirmative Defenses should be stricken from Defendant's Answer to the FAC as insufficient defenses, immaterial or impertinent to this action for alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

In order to survive a motion to strike, Defendant, under the fair notice standard, must state the nature and the grounds for the affirmative defense. *Rapp v. Lawrence Welk Resort,* 2013 U.S. Dist. LEXIS 11966 (S.D. Cal. Jan. 28, 2013); *see Uriarte v. Schwarzenegger*, 2012 U.S. Dist. LEXIS 62937, 2012 WL 1622237, *3 (S.D. Cal. May 4, 2012). "What constitutes fair notice depends on the particular defense in question." *Vistan Corp. v. Fadei USA, Inc.*, C-10-4862, 2011 U.S. Dist. LEXIS 47099, 2011 WL 1544796, at *7 (N.D. Cal. Apr. 25, 2011) (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381, at 410 (3d ed. 2004)). The grounds for the motion must appear on the face of the pleading under attack or from matter, which the court may judicially notice. *S.E.C. v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995), *aff'd sub nom. S.E.C. v. First Pac. Bancorp*, 142 F.3d 1186 (9th Cir. 1998). For well-established defenses, merely naming them may be sufficient, but for others, a party may need to allege additional factual matter to provide fair notice. *Ganley v. Cnty. of San Mateo*, 2007 U.S. Dist. LEXIS 26467, at *5 (N.D. Cal. Mar. 22, 2007) (citation and quotation marks omitted).

A Fed. R. Civ. P. 12(f) motion to strike will only be granted if the insufficiency of the defense is clearly apparent. *5C Charles Alan Wright & Arthur R. Miller*, Federal Practice and Procedure § 1381 (3d ed. 2004). Also, an affirmative defense is insufficient if it clearly lacks merit "under any set of facts the defendant might allege." *McArdle v. AT & T Mobility,* LLC, 657 F. Supp. 2d 1140, 1149-50 (N.D. Cal. 2009), rev'd and remanded sub nom. on other grounds, *McArdle v. AT&T Mobility, LLC*, 474

Kazerouni Law Group, APC
Costa Mesa, California

F. Appx 515 (9th Cir. 2012).

While it is true, that as a general rule, affirmative defenses must be raised in an answer or they are waived, *see Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 612 (4th Cir. 1999), a defendant has the duty to raise only defenses that are relevant and not frivolous. An immaterial affirmative defense is one that "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994). Likewise, impertinent affirmative defenses "do not pertain, and are not necessary, to the issues in question." *Id.* "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial…" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal citation omitted). When it comes to insufficient defenses, the district court has broad power to strike any insufficient defense. *U.S. v. Iron Mt. Mines,* 812 F. Supp. 1528, 1535 (E.D. Cal. 1992) (citing *U.S. v. 416.81 Acres of Land,* 514 F.2d 627, 630 n. 3 (7th Cir. 1975)).

"The other purpose of a motion to strike under Rule 12(f) is to test the legal validity of a defense. The motion to strike should be granted only if the insufficiency of the defense is clearly apparent." *Glover v. Mary Jane M. Elliott, P.C.*, 2007 U.S. Dist. LEXIS 73605, 4 (W.D. Mich. Oct. 2, 2007) (citing *Cipollone v. Liggett Group, Inc.,* 789 F.2d 181, 188 (3d Cir. 1986)).

Because several of Defendant's affirmative defenses are insufficient, immaterial or simply not applicable to Plaintiffs' claims under the TCPA, they should be stricken.

### A. Defendant's Third Affirmative Defense Should Be Stricken Without Prejudice

Defendant's Third Affirmative Defense states:

> Plaintiff' and/or putative class members' claims are barred because Sirius XM's conduct is not unlawful in that Sirius

XM complied with applicable statutes and regulations.

The Third Affirmative Defense should be stricken with prejudice because claiming compliance with applicable "statutes and regulations" is not an affirmative defenses but is more akin to denying the elements of Plaintiff's case. *See Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) ("eHelp's affirmative defenses fail to provide 'fair notice' of what the defense is and the grounds upon which it rests"). Also, assuming, *arguendo*, that this was properly considered an affirmative defense, Defendant alleges to facts to support such a defense, which means at the very least the Third Affirmative Defense should be stricken without prejudice. *See Glover v. Mary Jane M. Elliott, P.C.*, 2007 U.S. Dist. LEXIS 73605, *8-9 (W.D. Mich. Oct. 2, 2007) ("no factual basis is alleged for this affirmative defense and, given the nature of plaintiff's claims, it is hard to imagine such a basis. This defense will again be stricken…"); *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 470 (S.D. Cal. 2013) ("the Court agrees with Kohler that these statements are insufficient to provide fair notice. Staples provides no basis for these claims in his answer"). Therefore, the Court should strike, with prejudice, this defense from the Answer.

**B.   Defendant's Fourth Affirmative Defense Should Be Stricken With Prejudice**

Defendant's Fourth Affirmative Defense states:

> Plaintiff's and/or putative class members' claims are barred because they consented to any calls that they allegedly received or otherwise had an established business relationship with Sirius XM and/or others.

The Fourth Affirmative Defense should be stricken, with prejudice, in terms of the claimed "established business relationship" ("EBR") defense, as such defense does not apply here to claims involving *cellular* telephone numbers. The EBR exemption applies only to prerecorded or artificial voice telemarketing calls to any

residential line. 47 U.S. Code § 227(b)(2)(B); 47 C.F.R. §64.1200(a)(2)(iv). Here, Defendant contacted Plaintiff's cellular telephone. "The only exemptions in the TCPA that apply to cellular phones are for emergency calls and calls made with prior express consent." *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 273 (3d Cir. Pa. 2013) (citing 47 C.F.R. § 64.1200(a)(1)(iii)); *Iniguez v. CBE Group*, 969 F. Supp. 2d 1241, 1246 (E.D. Cal. 2013) ("The only statutory exceptions to the wireless number prohibition are calls made for emergency purposes or with the prior consent of the call recipient. 47 U.S.C. § 227(b)(1)(A)").

### C. Defendant's Eighth Affirmative Defense Should Be Stricken With Prejudice

Defendant's Eighth Affirmative Defense states:

> The acts and statements of Sirius XM were fair and reasonable and were performed in good faith based on all the relevant facts known to Sirius XM. Sirius XM acted with a good faith belief that it had good cause and/or a legitimate business reason to as it did and did not directly or indirectly perform any acts that would constitute a violation of Plaintiff's and/or putative class members' rights. As a consequence, Plaintiff and/or putative class members are not entitled to any damages whatsoever.

Defendant is essentially asserting a "good faith" defense to a statute that imposes strike liability. However, the "TCPA is essentially a strict liability statute…" *Alea London Ltd. v. Am. Home Servs.*, 638 F.3d 768, 776 (11th Cir. Ga. 2011);[1] *see also Soppet v. Enhanced Recovery,* 679 F.3d 637 (7th Cir. 2012) (holding defendant liable under TCPA for unsolicited calls for calling numbers that, although previously assigned to defendant's clients, had been reassigned to unrelated third parties); *Am. Copper & Brass, Inc. v. Lake City Indus. Prods.*, 2013 U.S. Dist. LEXIS 97411, *15

---

[1] *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.,* 401 F.3d 876, 882 n.3 (8th Cir. 2005) ("The [TCPA] . . . makes no exception for senders who mistakenly believe that recipients' permission or invitation existed. The . . . issues of knowledge and willfulness . . . are material to the question of treble damages.").

(W.D. Mich. July 12, 2013) (rejecting the defendant's argument that the TCPA plaintiff had to prove that the facsimile was actually received). Notably, the FCC stated in 2003, "we reject proposals to create a good faith exception for inadvertent autodialed or prerecorded calls to wireless numbers and proposals to create implied consent because we find that there are adequate solutions in the marketplace to enable telemarketers to identify wireless numbers." *In re Rules & Regulations Implementing the TCPA*, 18 FCC Rcd 14014, 14117-18, ¶ 172 (2003) (emphasis added).

There is simply no good faith defense to the TCPA claim alleged by Plaintiff for violation of § 277(b)(1)(A)(iii). Thus, the Eighth Affirmative Defense should be stricken with prejudice as it is inapplicable to this TCPA action.

### D. Defendant's Ninth Affirmative Defense Should Be Stricken

Defendant's Ninth Affirmative Defense states:

> Plaintiff's and/or putative class members' claim are barred in part or in whole by the statute of limitations applicable to his action.

This asserted defense should be stricken simply because Defendant has alleged no facts to support such defense, and the timing of the filings of the Complaint on February 15, 2012 (Dkt. No. 1), with alleged calls on or about January 27, 2012 (*id.* at ¶ 14), clearly shows that the Plaintiff's claims are not time barred, for there is a 4-year statute of limitations on TCPA claims.

### E. Defendant's Tenth Affirmative Defense Should Be Stricken Without Prejudice

Defendant's Tenth Affirmative Defense states:

> Plaintiff's and/or putative class members' claims are moot.

The Seventh Affirmative Defense should be stricken because Defendant has supplied no facts or material support for an asserted defense of mootness, rendering it vague and ineffective. *See Glover*, 2007 U.S. Dist. LEXIS 73605 at *8-9 (W.D. Mich. Oct. 2, 2007); *Kohler*, 291 F.R.D. at 470; *J&J Sports Prods. v. Jimenez*, 2010 U.S.

Dist. LEXIS 132476, *5 (S.D. Cal. Dec. 15, 2010) ("Here, many of the affirmative defenses are merely boilerplate recitations. Defendants have not provided any facts related to these defenses in the pleadings. Based on the pleadings, Plaintiff cannot know the intent or nature of the affirmative defenses pleaded."). Thus, the Tenth Affirmative Defense should be stricken without prejudice.

### F. Defendant's Eleventh Affirmative Defense Should Be Stricken Without Prejudice

Defendant's Eleventh Affirmative Defense states:

> Plaintiff's and/or putative class members' claims are barred in part or in whole by the doctrine of estoppel.

Defendant's asserted affirmative defense of estoppel is unsupported by any facts and should therefore be stricken. *See Glover*, 2007 U.S. Dist. LEXIS 73605 at *8-9 (W.D. Mich. Oct. 2, 2007); *Kohler*, 291 F.R.D. at 470; *J&J Sports Prods.*, 2010 U.S. Dist. LEXIS 132476 at *5. Thus, the Eleventh Affirmative Defense should be stricken without prejudice.

### G. Defendant's Twelfth Affirmative Defense Should Be Stricken Without Prejudice

Defendant's Twelfth Affirmative Defense states:

> Plaintiff's and/or putative class members' claims are barred in part or in whole by the doctrine of waiver.

The defense of "waiver" always rests upon intent. Waiver is the intentional relinquishment of a known right after knowledge of the facts.' The burden, moreover, is on the party claiming a waiver of a right to prove it by clear and convincing evidence that does not leave the matter to speculation, and 'doubtful cases will be decided against a waiver'." *City of Ukiah v. Fones* 64 Cal.2d 104, 107–108 (1966); *Florence Western Medical Clinic v. Bonta* 77 Cal. App. 4th 493, 504 (2000)). Here, Defendant has alleged no facts to support a claim that Plaintiffs intended to waive their right of not receiving a solicitation text message in violation of the TCPA.

Therefore, this affirmative defense should be stricken, as it is too vague to satisfy the federal pleading standard. *See Glover*, 2007 U.S. Dist. LEXIS 73605 at *8-9; *Kohler*, 291 F.R.D. at 470; *J&J Sports Prods.*, 2010 U.S. Dist. LEXIS 132476 at *5.

### H.   Defendant's Thirteenth Affirmative Defense Should Be Stricken

Defendant's Thirteenth Affirmative Defense States:

> Plaintiff's and/or putative class members' claims are barred in part or in whole by the doctrine of unclean hands.

Although Plaintiffs seek equitable relief in the form of an injunction (FAC., ¶ 38), the unclean hands defense will, only in certain circumstances, provide a defense to claims for injunction or other equitable relief. *See, e.g., Performance Unlimited, Inc. v. Questar Pub., Inc.,* 52 F.3d 1373, 1383 (6th Cir. 1995)). Defendant has failed to allege any facts to support the asserted defense of unclean hands, and therefore, the defense should be stricken. *See Glover*, 2007 U.S. Dist. LEXIS 73605 at *8-9; *Kohler*, 291 F.R.D. at 470; *J&J Sports Prods.*, 2010 U.S. Dist. LEXIS 132476 at *5.

### I.   Defendant's Fourteenth Affirmative Defense Should Be Stricken With Prejudice

Defendant's Fourteenth Affirmative Defense States:

> Plaintiff and/or putative class members failed to mitigate the alleged damages (if any) and any recovery by Plaintiff and/or putative class members must be diminished or barred by reason thereof.

This asserted affirmative defense should be stricken for two reasons. First, and most importantly, there is no duty to mitigate damages under the TCPA, which means this asserted affirmative defense should be stricken with prejudice. "[C]ourts that have considered whether a plaintiff has a duty to mitigate damages under Section 227 of the TCPA have found there is no such duty." *Powell v. West Asset Mgmt.*, 773 F. Supp. 2d 761, 764 (N.D. Ill. 2011). *See also Jemiola v. XYZ Corp.*, 802 N.E.2d 745, 126

Ohio Misc.2d 68 (Ohio C.P. 2003) ("plaintiff has no obligation to mitigate damages since the amount of damages is specifically set by statute and is therefore mandatory. In addition, mitigation of damages would undermine the legislative purpose by effectively rewarding the wrongdoer"); *Autoflex Leasing, Inc. v. Mfrs. Auto Leasing, Inc.*, 139 S.W.3d 342 (Tex. App. 2004) ("Autoflex had no duty to contact MAL and ask them to stop violating the TCPA"); *Daniel Co. of Springfield v. Fax.com, Inc.*, 2004 WL 5460694 (Mo. Cir. Feb. 19, 2004) (mitigation of damages does not apply "to the commission of a series of intentional wrongful acts. . . . Each fax is independently actionable and, like the serial commission of torts, not the proper subject of the defense of mitigation or avoidance of damages.").

Further, the TCPA is a remedial statute that should be interpreted to protect consumers. *See Munro v. King Broad. Co.*, 2013 U.S. Dist. LEXIS 168308, *8 (W.D. Wash. Nov. 26, 2013) ("the TCPA is a remedial statute passed to protect consumers from unwanted automated telephone calls and messages and should be construed in accordance with that purpose."); *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 271 (3d Cir. Pa. 2013) ("The TCPA is a remedial statute that was passed to protect consumers from unwanted automated telephone calls.") (citing S. Rep. 102-178, at 5 (1991), *reprinted in* 1991 U.S.C.C.A.N. 1968, 1972).

Assuming, *arguendo*, that there were a duty to mitigate damages under the TCPA, Defendant has failed to allege any facts to support such a defense, and therefore, the defense would be properly stricken at the very least without prejudice. *See Glover*, 2007 U.S. Dist. LEXIS 73605 at *8-9.

### J.  Defendant's Fifteenth Affirmative Defense Should Be Stricken

Defendant's Fifteenth Affirmative Defense States:

> Class certification of this suit is improper, and thus class certification should be denied.

Defendant's claim that class certification of this suit is improper is not properly

characterized as an affirmative defense. Whether a class action is proper is to be determined after Plaintiff files a motion for class certification pursuant to Fed. R. Civ. P. 23. Defendant may oppose class certification when Plaintiff files a motion for class certification. Thus, the Fifteenth Defense should be stricken with prejudice, as it is not properly considered an affirmative defense.

### K. Defendant's Attempt To Reserve The Right To Raise Additional Affirmative Defenses Is Inappropriate

In Defendant's Twentieth Affirmative Defense, Defendant attempts to reserve the right to raise additional defenses as it becomes aware of them, however, this is inappropriate. *See Glover*, 2007 U.S. Dist. LEXIS 73605 at *8-9. Also, the mere reservation of affirmative defenses is not an affirmative defense. *Kohler*, 291 F.R.D. at 473 (citing *E.E.O.C. v. Timeless Investments, Inc.*, 734 F. Supp. 2d 1035, 1055 (E.D. Cal. 2010)).

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court strike Defendant's Third, Fourth, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, and Fifteenth Affirmative Defenses from the Answer to the Complaint. The Third, Ninth, Tenth, Eleventh, Twelfth, Thirteenth and Fifteenth Affirmative Defenses should be stricken *without* prejudice. The Fourth, Eighth, and Fourteenth Affirmative Defenses should be stricken *with* prejudice.

Date: March 26, 2015                                   **KAZEROUNI LAW GROUP, APC**

By: _/s Abbas Kazeronian___
Abbas Kazerounian
*Attorneys for Plaintiff*