UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK KNUTSON, individually and on behalf of all other similarly situated<br><br>    Plaintiff,<br><br>vs.<br><br>SIRIUS XM RADIO INC.,<br><br>    Defendant. | Case No. 12cv00418 AJB (WVG)<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT INTERIM CO-LEAD COUNSEL<br><br>(Doc. No. 24) |

Presently before the Court is Plaintiff's Motion for Appointment of Interim Co-Lead Counsel. (Pl.'s Mot. 1, Doc. No. 24.) This motion is suitable for determination on the papers and without oral argument in accordance with Civil Local Rule 7.1.d.1.

**I.    BACKGROUND**

On February 15, 2012, Erik Knutson ("Plaintiff") filed a class action complaint under the Telephone Consumer Protection Act, 47 U.S.C. § 227 against Sirius XM Radio Inc. ("Defendant") for initiating unsolicited telephone calls via an automatic telephone dialing system to cellular telephones. (Compl. 1, Doc. No. 1.) Following an appeal, Plaintiff now moves this Court to appoint interim co-lead counsel. (Pl.'s Mem. 1, Doc. No. 24-1.) Plaintiff argues that appointment of his lawyers, Abbas Kazerounian of Kazerouni Law Group, APC, and Joshua B. Swigart of Hyde & Swigart (collectively, "Proposed Counsel"), is appropriate

as interim co-lead counsel for Plaintiff's action as well as in a related case. (*Id.*) Thus, although there is only one motion before the Court, the proposed action would affect another similar case filed in this district. As such, for context, the Court will provide a brief overview of facts to help the Court make its determination on this motion.[1]

### A.     The *Knutson* Action

On or before November 12, 2011, Plaintiff purchased a Toyota Tacoma truck. (Compl. ¶ 9.) For marketing purposes, the purchase of the truck included a free three month trial subscription to Sirius XM Radio. (Decl. Knutson ¶ 4, Doc. No. 11-1.) Plaintiff's account with Defendant was activated in November after the purchase of the vehicle. (*Id.* ¶ 5.) During the 90-day trial subscription, Plaintiff received three telephone calls from Defendant on his cellular telephone. (Compl. ¶ 19.) All three telephone calls used an "automatic telephone dialing system" (ATDS). (*Id.* ¶¶ 14-16.) Plaintiff alleges that at no time did Plaintiff ever provide his cellular telephone number to Defendant or enter into a business relationship with Defendant. (*Id.* ¶¶ 10-11.)

Furthermore, Plaintiff did not receive documentation regarding Plaintiff's account with Defendant until mid-December 2011 when Plaintiff received Defendant's Welcome Kit in the mail. (Decl. Knutson ¶ 6.) This was one month after Plaintiff's account was activated with Defendant. (*Id.*) Plaintiff states that he was not given an opportunity to review the customer agreement before his account was activated with Defendant, never signed a contract entering into a business relationship with Defendant, and that Defendant never explained any terms of the Customer Agreement to Plaintiff. (*Id.* ¶¶ 4, 6-7.) Plaintiff then filed the present action, alleging violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.(Compl. ¶¶ 32-41.)

///

///

---

[1] The Court derives its facts from Plaintiff's complaint and declaration as well as from the *Trenz* complaint. This Court is not making any findings of fact but is simply providing background and context for this motion.

### B.     The *Trenz* Action

On January 8, 2014, Brian Trenz ("Trenz"*)* brought a suit similar to Plaintiff's action against the same Defendant Sirius XM Radio and also against an additional defendant, Toyota Motor Sales U.S.A., Inc. (Pl.'s Mot. Ex. C ¶ 1, Doc. No. 24-5.) In September of 2014, Trenz purchased a 2013 Chevy Truck from Toyota's San Antonio dealership. (*Id.* ¶ 18.) After Trenz bought the vehicle and until December of 2014, Trenz received more than 30 telemarketing calls from Sirius XM Radio. (*Id.* ¶ 19.) Trenz states that these phone calls were the first time that Trenz was informed of his free trial with Sirius XM Radio. (*Id.* ¶ 20.) During one of these calls, Trenz was able to speak to a representative of Sirius XM Radio who informed Trenz that his number had been given to them through his recent vehicle purchase with Toyota and that the phone call was to determine if Trenz would like to continue to purchase services from Sirius XM. (*Id.* ¶ 21.)

Trenz states that he did not give express consent to receive telemarketing calls from Sirius XM Radio when he purchased his vehicle from Toyota and that he never gave Sirius XM Radio consent to continue to call him after receiving multiple phone calls daily. (*Id.* ¶¶ 19, 22, 28.) Moreover, the paperwork given to Trenz at the time he purchased his Toyota vehicle did not make any disclosure regarding the sale or exchange of customer information to Sirius XM Radio. (*Id.* ¶ 28.) Thus, Trenz brought this class action suit alleging violation of the TCPA. (*Id.* ¶¶ 51-61.)

### C.     The *Hooker* Action

Approximately eleven months after the Plaintiff's action was filed, the *Hooker* action was filed in the Eastern District of Virginia. (Pl.'s Mem. 4.) Plaintiff's motion requests that this action affects the *Hooker* action as well, but Plaintiff abandons this argument in his Reply requesting the Court consider only Plaintiff's action and the *Trenz* action. (Pl.'s Reply 1, Doc. No. 29.) Thus, the Court will not include the *Hooker* action in its discussion.

/ / /

/ / /

## II. LEGAL STANDARD

Plaintiff moves for appointment of interim co-lead counsel. Federal Rule of Civil Procedure 23(g) provides that "the court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Courts have held that the same standards applicable to choosing class counsel at the time of class certification apply in choosing interim class counsel. *Four in One Co., Inc. v. SK Foods, L.P.*, No. 2:08-cv-03017-MCE-EFB, 2009 WL 747160, at *1 (E.D. Cal. March 20, 2009). Instances in which interim class counsel is appointed are those in which "overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *White v. TransUnion, LLC*, 239 F. R. D. 681, 683 (C.D. Cal. 2006) (citing Manual for Complex Litigation ("MCL") § 21.11 (4th ed. 2004)). The Manual states:

> In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during pre-certification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.

*Id*. Factors a court may consider when appointing class counsel are (i) the work counsel has done in identifying or investigating potential claims in the action, (ii) counsel's experience in handling class action suits, (iii) counsel's knowledge of the applicable law, and (iv) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). In addition, the court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

## III. DISCUSSION

Plaintiff moves this Court to appoint Proposed Counsel as interim co-lead class counsel. The Court acknowledges that Plaintiff has provided this Court with a very detailed factual analysis using the factors listed in Federal Rule of Civil Procedure 23(g) to argue that Proposed Counsel is suitable to represent the putative class. However, the Court determines that for purposes of this motion, the Court need not address the factors as the Court finds Plaintiff's motion premature at this stage.

The Court first notes that Plaintiff's action and the *Trenz* action have not been consolidated. (Def.'s Mem. Opp. 2, Doc. No. 28.) Thus, a grant of Plaintiff's present motion would affect another merely related case. The advisory committee notes from the 2003 amendments of Federal Rule of Civil Procedure 23(g) suggest that "those cases in which interim counsel is appointed are typically those in which a large number of putative class actions have been consolidated or are otherwise pending before a single court." *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006). Case law from the Ninth Circuit reveals that cases frequently involve consolidation and then appointment of co-lead counsel is addressed. *See, e.g.*, *Michelle v. Arctic Zero*, No. 12CV2063-GPC (NLS), 2013 WL 791145, at *1-4 (S.D. Cal. Mar. 1, 2013) (a motion to consolidate six similar cases and a motion to appoint co-lead counsel were decided together); *Kamakahi v. American Soc. for Reproductive Medicine*, No. C-11-01781 SBA, 2012 WL 892163, at *1-2 (N.D. Cal. Mar. 14, 2012) (motion for appointment of interim lead class counsel and consolidation considered in the same order); *Levitte v. Google*, No. C-08-03369 JW, 2009 WL 482252, at *1 (N.D. Cal. Feb. 25, 2009) (plaintiff moved for motion to consolidate related cases and appointment of interim co-lead counsel in one action); *Carlin v. Dairy America, Inc.*, No. 1:09CV0430 AWI DLB, 2009 WL 1518058, at *1-2 (E.D. Cal. May 29, 2009) (where both plaintiffs' counsel agreed to consolidate the related actions, the motion for appointment of interim counsel was then addressed). Plaintiff has not moved this Court to consider consolidation of the two actions filed in this Court. Thus, following the lead of the case law in this circuit, the Court finds that it would be premature for the Court to appoint interim co-lead counsel before Plaintiff moves to have these two cases consolidated.

Next, the Court notes that without the requisite competition needed between both Plaintiff and Trenz's counsel, a determination regarding co-lead counsel is futile. "Where a lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary." MCL § 21.11 (4th ed. 2004)*; see also Lyons v. Coxcom, Inc.*, No. 08-CV-02047-H(CAB), 2009 WL 6607949, at

*1 (S.D. Cal. July 6, 2009) (denying appointment of interim class counsel as premature as there were no lawyers competing for class counsel appointment at that time). Without more information regarding Trenz's lawyer and whether or not a competition exists between the two actions' lawyers, the Court cannot deem Proposed Counsel as co-lead counsel at this time.

Finally, the Court finds it troubling that it has been asked to take an action in Plaintiff's case that can affect the *Trenz* action without any communication from Trenz's counsel. The Court at this time has no information regarding whether Trenz's counsel has been informed about Plaintiff's motion to appoint co-lead counsel or whether Trenz's counsel is unopposed to this motion. In addition, the Court finds it important to give Trenz's counsel the opportunity to compete for co-lead counsel if she so desires. In light of all of the above, the Court denies Plaintiff's motion. Recognizing that it may be appropriate at a later stage, this motion is denied without prejudice.

### IV. CONCLUSION

Plaintiff asks the Court to appoint its Proposed Counsel as co-lead counsel for the two actions listed above. However, without consolidation of the two actions and without competition from counsel, the Court will not proceed with the analysis. Thus, the Court agrees with Defendant's contention that Plaintiff's motion is premature. As a result, the Plaintiff's motion for appointment of co-lead counsel is **DENIED WITHOUT PREJUDICE.**

IT IS SO ORDERED.

*DATED: April 9, 2015*

_____
Hon. Anthony J. Battaglia
U.S. District Judge